## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| RONALD M. SCHERER, SR. | ) | CASE NO.: 2:12-CV-1101 |
| 3011 Bethel Road, Suite 103 | ) | |
| Upper Arlington, Ohio 43220 | ) | JUDGE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES M. WILES, ESQ. | ) | |
| 2201 Yorkshire Road | ) | |
| Columbus, Ohio 43221 | ) | **COMPLAINT** |
| | ) | **Jury Demand Endorsed Hereon** |
| and | ) | |
| | ) | |
| WILES, BOYLE, BURKHOLDER & | ) | |
| BRINGARDNER CO., LPA | ) | |
| 300 Spruce Street, Floor 1 | ) | |
| Columbus, Ohio 43215 | ) | |
| Defendants. | ) | |

For his Complaint, the Plaintiff, Ronald M. Scherer, Sr. states as follows:

### PARTIES AND VENUE

1. Plaintiff Ronald M. Scherer, Sr., at all times relevant was a resident of Daytona Beach, Florida.

2. James Wiles (hereinafter an "Individual Defendant") at all times relevant was a resident of Franklin County, Ohio.

3. Wiles, Boyle, Burkholder & Bringardner Co. LPA ("Wiles") at all times relevant was and is a law firm duly organized and existing under the laws of the State of Ohio, with its

principal place of business at 300 Spruce Street, Floor 1, Columbus, Ohio, 43215. The Individual Defendant is a principal and agent of Wiles, and has committed all acts and failures to act described herein while in the scope and course of that agency.

4. This Court has subject matter jurisdiction over all claims asserted herein pursuant to 28 U.S.C. § 1332 in that complete diversity exists between Plaintiff and each of the Defendants and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5. The Court has personal jurisdiction over each of the Defendants because each has sufficient minimum contacts with Ohio to justify that State's exercise of personal jurisdiction over each of them consistent with the laws of Ohio and the United States Constitution.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because all of the Defendants reside in this District, a substantial portion of the transactions and wrongs complained of herein occurred in and/or had a substantial effect in this District, and the Defendants have received substantial compensation and other transfers of money in this District by doing business here and engaging in activities having an effect here.

## BACKGROUND

7. Ronald Scherer's father, Roger L. Scherer, started a number of successful enterprises and accumulated significant wealth. Some of that wealth was put into trusts. In 1981, he restated an existing *inter vivos* Trust Agreement and funded it with various assets. These assets included the Northern News Company, Scott Krauss News Agency (later named Ohio Periodical Distributors, Inc.), West Virginia Periodical Distributors, Inc., and Wholesalers Leasing Corporation, Inc. Upon his death in 1982, the terms of the Trust Agreement triggered a split of the Trust into three new trusts primarily for each of his son, his daughter and jointly, for

his mother and his wife. (Hereinafter these will jointly be called the "Trusts"). Bank One was named and served as Trustee for all the Trusts, as well as the Executor of the Estate.

8. During its tenure as Trustee, Bank One has breached its fiduciary duties in various ways, mismanaging the assets of the Trust, including but not limited to, the failure to diversify, the failure to keep accurate records, the failure to perform proper accounting, and a myriad of other failures. As a result, the assets of the Trust have dissipated.

9. Disputes and litigation eventually arose between Plaintiff and Bank One. Beginning in 2007, James Wiles and the firm of Wiles, Boyle, Burkholder & Bringardner Co. LPA (hereinafter jointly the "Defendants"), were retained by Plaintiff to represent him against Bank One. Defendants entered an appearance in the case of *Bank One v. Ronald Scherer, et al* on March 3, 2007, and never withdrew.

## LEGAL MALPRACTICE

10. Plaintiff incorporates by this reference each and every allegation set forth in the foregoing paragraphs as if they were fully rewritten herein.

11. The Defendants owed Plaintiff a duty of care arising from an attorney-client relationship.

12. The Defendants advice, instructions and services as the Plaintiff's attorney and law firm fell below the acceptable standard of care for legal practice.

13. The Defendants' representation of the Plaintiff constituted a number of breaches of the standard of care and has proximately resulted in financial damages to the Plaintiff. Those breaches were myriad, continuing and egregious. They include, but are not limited to, mismanaging discovery, improperly waiving a jury, losing track of and failing to produce documents, missing discovery deadlines, failing to challenge privilege, failing to take necessary

depositions, failing to object to Bank One's corporate representative in 30(b) proceedings, failing to raise Reg 9 issues, misbehavior resulting in sanctions, not pursuing a derivative action defense, failing to put on a proper defense, failing to staff the matter properly, and, in general, not understanding how to competently prosecute and defend a Trust lawsuit. In addition, Defendants failed to properly advance Plaintiffs most basic of claims during litigation of Tax Fraud and Bank Fraud being committed by the Trustee. Defendants continued in their representation when they were not competent to litigate in the trust area and when personal animus existed between them and the court, both of which should have caused them to withdraw. Moreover, Defendants failed to conduct reasonable and timely billing that would display work done and why.

14. Within one year of the filing of this Complaint, the Defendants have represented the Plaintiff, provided him legal advice, and entered into a Tolling Agreement with him, each of which makes timely the filing of this lawsuit.

15. As a direct and proximate cause of the legal malpractice of the Defendants, Plaintiff has been injured in an amount exceeding $75,000.

WHEREFORE, having fully stated his Complaint, Plaintiff demands judgment in his favor and against the Defendants jointly and severally as follows:

1. Awarding Plaintiff compensatory damages in an amount in excess of $75,000, to be proven at trial;

2. Awarding Plaintiff his costs, interest and attorneys' fees incurred in this action as allowed by law; and

3. Awarding such other relief as the Court deems just, equitable and appropriate.

Respectfully submitted,

 s/ Joel Levin
Joel Levin            (0010671)
Attorney for Plaintiff Ronald M. Scherer, Sr.
Levin & Associates Co., L.P.A.
1301 East 9th Street, Suite 1100
Cleveland, Ohio  44114
(216) 928-0600 (telephone)
(216) 928-0016 (facsimile)
jl@levinandassociates.com

## JURY DEMAND

Plaintiffs hereby demand a trial by jury for all the issues so triable.

 s/ Joel Levin
Joel Levin            (0010671)
Attorney for Plaintiff